TATE, Judge.
The plaintiff Thomas appeals from a dismissal of garnishment proceedings filed by him. Thomas, a judgment creditor, had cited the Bonanza Equipment Company, Inc., as garnishee. LSA-CCP Art. 2411. Bonanza is the alleged employer of the judgment debtor, Jack Kelley.
In answer to the interrogatories, Bonanza denied that it was the employer of Kelley. The plaintiff Thomas traversed this answer. The trial court held that the plaintiff had not proved that Thomas was still employed by Bonanza at the time the garnishment proceedings were served on it.
By his appeal, the plaintiff Thomas contends that the trial court erred in its factual interpretation of the evidence. He argues that the employment was sufficiently proved by circumstantial evidence that it was more probable than not that Kelley was still an employee of Bonanza, despite testimonial proof denying this continuing relationship. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395. See Sanders, The Anatomy of Proof and Civil Actions, 28 La.L.Rev. 297 (1968).
The testimony was not transcribed. However, a statement of facts was prepared by the attorney for the appellant and accepted by the trial court as substantially correct. LSA-CCP Art. 2131.
The testimony shows the following: Kelley had worked for the Bonanza Equipment Company, Inc. All the stock of this corporation was owned by himself, his brother, and his nephew. The nephew and the brother testified that Kelley had sold them his interest for $400 cash, and that he no longer owned any interest in the business nor was employed by it. These family witnesses also testified that Kelley never visited the premises following his resignation.
However, an investigator retained by the plaintiff testified that Kelley had answered the telephone at the Bonanza business premises and that Kelley had worked there almost an entire day under his observation. Also, a laborer-employee of the enterprise was subpoenaed, and he testified that Kelley was present at the premises at least three or four days a week, gave orders to employees including himself, and did the same work for the company that he had always done. The laborer testified that, as a matter of fact, Kelley was at the premises in charge of the office while the brother and nephew were present at the trial in question.
After summarizing the testimony of each of the witnesses, the statement of facts concludes: “The Judge, in rendering his opinion, stated that plaintiff had failed to prove that Jack Kelley was still an employee of Bonanza Equipment Company, Inc. In rendering his opinion, stated that plaintiff had failed to prove that Jack Kelley was still an employee of Bonanza Equipment Company, Inc. In rendering his opinion, he stated that he personally was of the belief that Jack Kelley still worked there but that was not evidence.”
The plaintiff-appellant’s argument is extremely persuasive. If indeed the trial court was convinced that, more probably than not, Kelley was still employed by Bonanza (despite the sworn proof contradictory thereof), then the trial court erred in failing to hold that the circumstantial evidence outweighed the sworn denials of Kelley’s brother and nephew.
On the other hand, we note that the proof considered by the trial court included payroll records, check stubs, and corporation books. We further note the court’s *148 handwritten modification in the margin to the statement of facts prepared by the plaintiff, to the effect of the court’s appreciation that the nephew “* * * testified Kelley is no longer employed by the corporation but still comes around the business”. Tr. 14.
All things considered, including the relative skimpiness of the statement of facts and its probable selectivity as prepared by one counsel only (the other had died following the trial), we are unable to hold that the trial court’s finding reflects a failure to give sufficient weight to preponderant circumstantial evidence. We cannot say that its holding did not reflect a considered evaluation accepting as essentially truthful the denials of continued employment of Kelley by Bonanza.
Under this evaluation, the trial court felt it was extremely possible that Kelley still worked at the company office, but that, in the absence of circumstantial or direct proof of compensation to Kelley for such work, he was unable to find that any continued employment relationship had been proved between the garnishee Bonanza and the judgment debtor Kelley.
The trial court’s findings are of course predicated only on the evidence of employment between May 28, 1968, the date of the garnishment citation, and July 18, 1968, the date of the trial. It does not prejudice the plaintiff from further garnishment proceedings on the basis of subsequent (re) employment (nor from appropriate remedies should, subsequently, it be discovered that Bonanza concealed a continued employment during the interval, cf., LSA-CCP Art. 2502).
■' For the foregoing reasons, we affirm the judgment of the trial court, at the cost of the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.